**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

SHAINE WOODARD                              *

Petitioner                                   *

v                                            *          Civil Action No. ELH-20-1220

WARDEN                                       *

Respondent                                   *
                                           ***

### MEMORANDUM

Petitioner Shaine Woodard has filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241.  He alleges that he is held without benefit of a bail hearing for a pending violation of probation charge for a probationary period that expired in August 2019. *Id.*  In the court-directed response, respondent asserts that the petition concerns claims that are unexhausted, requiring its dismissal.  ECF 4.  Petitioner was provided with an opportunity to file a response but has filed nothing further.  ECF 5.

For the reasons set forth below, the petition shall be dismissed, without prejudice.

### BACKGROUND

On August 14, 2017, the District Court for Baltimore City sentenced petitioner to a three-year term, suspended the entire sentence, and imposed a two-year term of probation for the charge of second degree assault.  ECF 4-1 at 3-4 (Case No. 5B02327260).  On the same day, Woodard was sentenced to another three-year term, which was also suspended, and a two-year probationary term was imposed.  *Id*. at 6-8 (Case No. 0B02327108).

On August 9, 2019, the Department of Public Safety and Correctional Services' Division of Parole and Probation filed a report seeking an arrest warrant on charges that petitioner had violated the terms of his probation by (1) failing to attend drug-treatment sessions (2) failing to

provide a urine specimen on one occasion and (3) providing a "dirty" urine specimen on another occasion that tested positive for marijuana.  ECF 4-1 at 9-11.

On September 23, 2019, the Division of Parole and Probation filed another report seeking an arrest warrant based on charges that petitioner had (1) failed to report to his probation agent and (2) incurred a criminal complaint for theft in Howard County.  ECF 4-1 at 13-15.

An arrest warrant was issued by the Baltimore City District Court and petitioner was served with the warrant on January 7, 2020.  ECF 4-1 at 4, 8.  Petitioner was detained on the same date. *Id*.  In addition to the arrest warrant for violation of probation, petitioner was also detained on the Howard County theft charge after he failed to appear on November 13, 2019.  ECF 4-1 at 19.  The Howard County charge was ultimately nolle prossed on March 4, 2020.  *Id*.

Petitioner filed his petition in this court on May 11, 2020, claiming that his probationary period for technical violations was scheduled to end on August 14, 2019.  ECF 1 at 8.  He was being held at the pre-trial facility at Jessup Correctional Institution, which he characterized as "the most contaminated facility in Maryland for COVID-19."  *Id*.  As relief he seeks a bail hearing and release from confinement as a non-violent offender.  *Id*.

## DISCUSSION

Pretrial federal habeas relief is available under 28 U.S.C. § 2241 if the petitioner is in custody, has exhausted state court remedies, and special circumstances exist that justify intervention by the federal court.  *See Dickerson v. Louisiana*, 816 F.2d 220, 224-26 (5th Cir. 1987).  Exhaustion is established where both the operative facts and controlling legal principles of each claim have been fairly presented to the state courts.  *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted).

Significant to the claims asserted in the instant petition, federal courts must abstain from exercising jurisdiction over a claim raised by a pretrial detainee that may be resolved through trial on the merits or by other state procedures available for review of the claim. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973); *see also Timms v. Johns*, 627 F.3d 525, 531 (4th Cir. 2010) (exhaustion of alternative remedies is required prior to seeking federal habeas relief).

Special circumstances justifying this court's intervention do not exist where there are procedures in place to protect a petitioner's constitutional rights. *See Drayton v. Hayes*, 589 F.2d 117, 120-21 (2d Cir. 1979) (double jeopardy claim justified pretrial federal habeas intervention because constitutional right claimed would be violated if petitioner went to trial); *Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975) (assertion of appropriate defense at trial forecloses pretrial federal habeas relief); *see also Younger v. Harris*, 401 U.S. 37 (1971). Petitioner's claims that he has been denied a bail hearing, or that his health is endangered by the presence of the COVID-19 virus, must be litigated in the state court.[1] Further, Petitioner has not demonstrated that litigation of his claim in the state court would result in harm to his federal constitutional rights. For these reasons, this habeas petition shall be dismissed without prejudice.

A separate Order follows.


November 4, 2020                                    /s/
Date                                               Ellen L. Hollander
                                                   United States District Judge

---

[1] Bail review hearings were among the emergency proceedings that the Maryland Judiciary has required to continue uninterrupted during the pandemic. *See Administrative Order on Statewide Closing of the Courts to the Public Due to the Covid-19 Emergency* at 3 (Md. Mar. 13, 2020) at https://www.mdcourts.gov/sites/default/files/admin-orders/20200313statewideclosing ofcourts.pdf.

3